1  LYNN H. PASAHOW (CSB NO. 054283)
   lpasahow@fenwick.com
2  DAVID L. HAYES (CSB NO. 122894)
   dhayes@fenwick.com
3  MICHAEL J. SACKSTEDER (CSB 191605)
   msacksteder@fenwick.com
4  SAINA S. SHAMILOV (CSB NO. 215636)
   sshamilov@fenwick.com
5  HECTOR RIBERA (CSB NO. 221511)
   hribera@fenwick.com
6  TODD R. GREGORIAN (CSB NO. 236096)
   tgregorian@fenwick.com

FENWICK & WEST LLP
San Francisco Office
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:   (415) 875-2300
Facsimile:   (415) 281-1350

Attorneys for Plaintiff and Counterclaim-Defendant
SAP Aktiengesellschaft

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SAP AKTIENGESELLSCHAFT, a German Corporation<br><br>Plaintiff,<br><br>v.<br><br>i2 TECHNOLOGIES, INC., a Delaware Corporation<br><br>Defendant. | Case No. 4:07-CV-04187-SBA<br><br>**PLAINTIFF SAP AKTIENGESELLSCHAFT'S REPLY TO DEFENDANT i2 TECHNOLOGIES, INC.'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff and Counterclaim-Defendant SAP Aktiengesellschaft ("SAP") hereby replies to

the Counterclaims of Defendant and Counterclaimant i2 Technologies, Inc. ("i2") as follows:

**JURISDICTION**

1.   SAP admits that i2 purports that its action is for Declaratory Relief for which this

1    Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367(a) and 2201.

2        2.    SAP admits that this Court has personal jurisdiction over SAP.

## VENUE

4        3.    SAP admits that venue for i2's counterclaims is proper in this judicial district pursuant to 28 U.S.C. §1391.

## PARTIES

7        4.    SAP admits the allegations of paragraph 4 of i2's Counterclaim.

8        5.    SAP admits the allegations of paragraph 5 of i2's Counterclaim.

9        6.    SAP admits the allegations of paragraph 6 of i2's Counterclaim.

## BACKGROUND

11       7.    SAP admits that it sued i2 for infringement of United States Patent Nos. 6,407,761 ("the '761 patent") and 6,750,766 ("the '766 patent") (collectively, "the Patents in Suit") in this Court on August 15, 2007.

14       8.    SAP admits that i2 purports to deny SAP's claims of infringement and admits that i2 contends that the Patents in Suit are invalid under Title 35 of the United States Code.  SAP denies that i2 has raised any actionable contention concerning any alleged unenforceability of either of the Patents in Suit.  i2 has asserted no separate cause of action for unenforceability and further has failed to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure concerning any such contention.

20       9.    SAP admits that an actual controversy has arisen and now exists between i2 and SAP as to i2's allegations of non-infringement and invalidity of the Patents in Suit.  SAP denies that any such actual controversy has arisen concerning any contention of unenforceability of either of the Patents in Suit.  i2 has asserted no separate cause of action for unenforceability and further has failed to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure concerning any such contention.

## COUNT I – DECLARATION OF NON-INFRINGEMENT

27       10.    SAP admits the allegations of Paragraph 10 of the Counterclaim.

28       11.    SAP denies the allegations of Paragraph 11 of the Counterclaim.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    12.    SAP admits that i2 purports to seek a declaration that it had not infringed and does
2  not infringe the Patents in Suit, either literally or under the doctrine of equivalents.

### COUNT II – DECLARATION OF PATENT INVALIDITY

4    13.    SAP denies allegations of Paragraph 13 of the Counterclaim.

5    14.    SAP admits that i2 purports to seek a declaration that the Patents in suit are
6  invalid.  SAP denies that i2 has raised any actionable contention concerning any alleged
7  unenforceability of either of the Patents in Suit.  i2 has asserted no separate cause of action for
8  unenforceability and further has failed to comply with the requirements of  Rule 9(b) of the
9  Federal Rules of Civil Procedure concerning any such contention.

### AFFIRMATIVE DEFENSES

As separate and affirmative defenses to i2's Counterclaim and to each cause of action, claim, and allegation contained therein, SAP states as follows:

### FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

As a defense to each of i2's counterclaims, SAP alleges that i2's Counterclaim fails to state facts sufficient to constitute a cause of action against Defendant.

### RESERVATION OF RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES

i2 has failed to set forth the allegations of the Counterclaim with sufficient particularity to provide SAP with a sufficient basis to form a belief as to whether it may have additional, as yet unstated, affirmative defenses.  SAP therefore reserves the right to assert additional affirmative defenses in the event that discovery or investigation reveals that they would be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, SAP prays for the following relief:

1.    That i2's counterclaims be dismissed in their entirety with prejudice;
2.    That i2 take nothing by its counterclaims;
3.    That the Court award SAP costs of suit;
4.    That the Court declare this case exceptional under 35 U.S.C. § 285 and award SAP its reasonable attorney's fees as the prevailing party; and

5. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

SAP hereby demands a trial by jury on all claims for relief so triable.

Dated: October 31, 2007                    FENWICK & WEST LLP

By:     /s/ Michael J. Sacksteder
         Michael J. Sacksteder

Attorneys for Plaintiff and Counterclaim-Defendant
SAP Aktiengesellschaft