1  **Counsel Listed on Signature Page**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SAP AKTIENGESELLSCHAFT, a German corporation,<br><br>    Plaintiff,<br><br>v.<br><br>i2 TECHNOLOGIES, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 4:07-cv-04187-SBA<br><br>**AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT**<br><br>Date:    December 20, 2007<br>Time:   3:45 p.m.<br>Judge:  Hon. Saundra Brown Armstrong |

The parties to the above-entitled action jointly submit this Amended Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case. In light of the change in the date of the Initial Case Management Conference, a number of deadlines under the Patent Local Rules have changed. The Amended Case Management Statement reflects these changes and is submitted for the convenience of the Court.

**1.  Jurisdiction and Service**

The parties agree that the Court has subject matter jurisdiction over all claims and counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338. No factual issues relating to service of process or personal jurisdiction remain unresolved. All named parties have been served. i2 believes that venue in the Eastern District of Texas is more convenient for the parties and witnesses, or in the interest of justice, and reserves its right to move to change venue under

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

28 U.S.C. § 1404.

## DESCRIPTION OF THE CASE

**2. A brief description of the events underlying the action.**

**a. The original suit for patent infringement.**

This is an action for patent infringement brought by SAP Akteingesellschaft ("SAP") against i2 Technologies, Inc. ("i2"). On August 15, 2007, SAP filed its complaint asserting that Defendants infringed, and continue to infringe, United States Patent Nos. 6,407,761 ("the '761 patent") and 6,750,766 ("the '766 patent")(collectively, the "Patents-in-Suit"). SAP filed a First Amended Complaint on September 14, 2007. The named inventors of the Patents-in-Suit are: (1) on the '761 patent, Pong Ching, Martin Stein, and Larry Chiang; and (2) on the '766 patent, Ami Heitner, Avi Mishan, Irena Kull, and Ziv Holzman. SAP contends that all rights to the inventions have been assigned to SAP. SAP seeks monetary damages (based on, among other things, i2's use or sales of infringing products), interest and costs, and injunctive relief.

Defendant i2 is a Delaware corporation with its headquarters at 11701 Luna Road, Dallas, Texas 75234 and with offices at 1250 Oakmead Parkway, Suite 210 Sunnyvale, California 94085.

**b. Defendants' Counterclaims.**

On October 12, 2007, Defendants filed their original answer and counterclaim against SAP for declaratory relief. Defendants raised the following affirmative defenses: (i) that Defendant does not infringe and has not infringed any claim of the Patents-in-Suit; (ii) that the Patents-in-Suit are invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and 112; (iii) that SAP is estopped from asserting certain claim construction positions based on statements made to the United States Patent and Trademark Office ("USPTO") during the prosecution of the Patents-in-Suit; (iv) that prosecution history estoppel bars SAP's claims of infringement; and (v) that SAP is not entitled to injunctive relief because it has not been irreparably harmed and/or possesses an adequate remedy at law. Defendant asserted counterclaims for declaratory relief based upon the affirmative defenses. SAP filed a reply to Defendant's counterclaims on October 31, 2007.

**3.    The Principal Factual and Legal Issues Which the Parties Dispute.**

    a.    Whether the Defendants' manufacture, offer for sale, sale and/or use of the accused products infringe any claim of the Patents-in-Suit.

    b.    The amount of damages suffered by SAP due to the alleged infringement.

    c.    Whether the Patents-in-Suit are anticipated and/or obvious in light of the prior art.

    d.    Whether the Patents-in-Suit are invalid due to any alleged failure to comply with 35 U.S.C. § 112.

    e.    The proper interpretation and construction of the asserted claims of the Patents-in-Suit.

    f.    Whether SAP is entitled to injunctive relief enjoining the manufacture, marketing and selling of Defendant's products, which allegedly infringe the Patents-in-Suit.

    g.    Whether any of the parties are entitled to reasonable attorneys' fees and costs under applicable law.

**4.    Motions**

No motions have been filed. Depending on facts developed in discovery, the parties may file summary judgment motions on various issues, including infringement and/or invalidity of the Patents-in-Suit.

**5.    Amendment of Pleadings**

Based on the information now available, the parties do not currently anticipate amending their claims or defenses, but reserve the right to seek leave to do so if further information indicates that amendment would be appropriate.

**6.    Evidence Preservation**

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action. The parties have ensured the preservation of relevant emails, and other electronically-recorded material.

## DISCLOSURES

**7.  Disclosures**

The parties intend to serve their Initial Disclosures under Federal Rule of Civil Procedure 26(a)(1) by November 30, 2007.

## DISCOVERY

**8.  The parties agree to the following discovery plan:**

No discovery has been taken to date. The parties submit the following alternative proposals on discovery limits:

The parties agree that each side will be allowed 35 interrogatories.

SAP contends that no further limits on discovery are necessary.

i2 contends that each side should be allowed 35 requests for admission (with unlimited requests for admission for purposes of authenticating documents). i2 also contends that each side should be limited to 80 deposition hours.

   **a.  Protective Order.** The parties agree that, given the highly sensitive information that has been or is likely to be disclosed, a protective order is necessary. The parties are in the process of negotiating the terms of the protective order.

   **b.  Document Production from Texas Litigation.** In order to minimize duplication of effort in document collection and production, the parties agree that documents produced in *i2 Technologies US, Inc. v. SAP, AG*, United States District Court for the Eastern District of Texas, Case No. 2-06 CV-352 ("the Texas Litigation") may be used in connection with this action as well, subject to the protective order to be entered in this action. Any confidentiality designations for any such documents produced in the Texas action will apply equally under the protective order to be entered in this action.

///

///

///

    **c.**    **Privilege Log.** The parties agree that no document or communication to or from, or authored by or at the direction of counsel to their respective clients need be placed upon a privilege log if it was authored or created subsequent to the date upon which the Texas Litigation was filed. The parties further agree that no communications between counsel and its experts and consultants, and no drafts of expert reports shall be discoverable and that any such communications and/or drafts need not be listed on any privilege log.

**9.**    **Class Actions**

Not Applicable.

**10.**    **Related Cases**

The parties are currently involved in another litigation in the United States District Court for the Eastern District of Texas, *i2 Technologies US, Inc. v. SAP, AG*, Case No. 2-06 CV-352.

**11.**    **Relief**

SAP seeks monetary damages, interest and costs, and injunctive relief. i2 seeks a declaration that it does not infringe the Patents-in-Suit and/or that the Patents-in-Suit are invalid, interest and costs, and attorneys fees.

**12.**    **Settlement and ADR**

The parties have agreed to mediation through the Court's Multi-Option ADR Program, and have requested a deadline of February 29, 2008.

No settlement discussions have been conducted to date.

**13.**    **Consent to a Magistrate Judge for All Purposes**

SAP consents to assignment to a United States Magistrate Judge for all purposes. i2 has declined to proceed before a United States Magistrate Judge.

**14.**    **Other References**

With the exception of the information contained in section 12, above, the parties have no further information regarding ADR process or deadlines at this time. The parties do not believe this case is suitable for reference to arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The parties have not identified any issues that may be narrowed by agreement or motion.

### 16. Expedited Schedule

The parties do not believe this case may be handled on an expedited basis.

### 17. Scheduling

The parties are in agreement as to the following schedule:

| Rule | Description | Proposed Deadline |
| --- | --- | --- |
|  | Initial Case Management Conference | December 20, 2007, at 3:45 pm |
| PLR 3-1<br>PLR 3-2 | L/D to serve Preliminary Infringement Contentions and make available documents accompanying disclosure | January 4, 2008 |
| PLR 3-4<br>PLR 3-5 | L/D to serve Preliminary Invalidity Contentions and make available documents accompanying disclosure | February 18, 2008 |
|  | L/D to Join Parties or Amend Pleadings | March 1, 2008 |
| PLR 4-1 | L/D to simultaneously exchange Proposed Terms and Claim Elements for Construction | March 3, 2008 |
| PLR 4-2 | L/D to simultaneously exchange Preliminary Claim Construction and Preliminary Identification of Extrinsic Evidence | March 24, 2008 |
| PLR 4-3 | L/D to file/serve Joint Claim Construction and Prehearing Statement | April 18, 2008 |
|  | Initial Expert Disclosures and Reports on Claim Construction | May 2, 2008 |
|  | Claim Construction Prehearing Conference | May 15, 2008 |
| PLR 4-4 | Completion of Claim Construction Discovery | May 19, 2008 |
| PLR 4-5 | L/D to file/serve Opening Claim Construction Brief | June 2, 2008 |

| Rule | Description | Proposed Deadline |
|---|---|---|
| PLR 4-5 | L/D to file/serve Responsive Claim Construction Brief | June 16, 2008 |
| PLR 4-5 | L/D to file/serve Reply Claim Construction Brief | June 23, 2008 |
| PLR 4-6 | Claim Construction Hearing | July 7, 2008 |
|  | Fact Discovery Closes & L/D to Serve Supplemental Disclosures | 30 days after Court's claim construction ruling |
| PLR 3-6 | L/D to Serve Final Infringement Contentions | 30 days after Court's claim construction ruling |
| PLR 3-6 | L/D to Serve Final Invalidity Contentions | 50 days after Court's claim construction ruling |
|  | L/D for Parties to Exchange Opening Expert Disclosures and Reports | 21 days after close of fact discovery |
|  | L/D for Parties to Exchange Rebuttal Expert Disclosures and Reports | 21 days after exchange of Opening Expert Reports |
|  | Expert Discovery Closes | 21 days after exchange of Rebuttal Expert Reports |
|  | L/D to File Dispositive Motions |  |
|  | L/D to File Joint Pretrial Statement |  |
|  | Final Pretrial Conference |  |

**18.   Trial**

Both parties have requested a jury trial. The parties estimate that a trial will last 12 court days. SAP requests a trial date in March 2009, provided that the Court's schedule accommodates such a trial date.

**19. Disclosure of Non-party Interested Entities or Persons.**

Each party has filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16.

**20. Additional Matters**

The parties are not aware of any other matters that would facilitate the disposition of this matter.

## ATTESTATION

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of the document has been obtained from Jason K. Sonoda.

Dated: December 18, 2007            FENWICK & WEST LLP

By: /S/ Michael J. Sacksteder
    Michael J. Sacksteder

Attorneys for Plaintiff
SAP Akteingesellschaft

Dated: December 18, 2007            PAUL HASTINGS JANOFSKY & WALKER LLP

By: /S/ Jason K. Sonoda
    Jason K. Sonoda

Attorneys for Defendant
i2 TECHNOLOGIES, INC.

## CASE MANAGEMENT ORDER

The Case Management Statement and [Proposed] Order is hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order.

**IT IS SO ORDERED.**

Dated: _____

_____
The Honorable Saundra Brown Armstrong