```
 1  DAVID L. HAYES (CSB No. 122894)
      (dhayes@fenwick.com)
 2  MICHAEL J. SACKSTEDER (CSB No. 191605)
      (msacksteder@fenwick.com)
 3  FENWICK & WEST LLP
    555 California Street
 4  12th Floor
    San Francisco, CA 94104
 5  Telephone:   (415) 875-2300
    Facsimile:   (415) 281-1350
 6
    SAINA S. SHAMILOV (CSB No. 216636)
 7    (sshamilov@fenwick.com)
    HECTOR J. RIBERA (CSB No. 221511)
 8    (hribera@fenwick.com)
    TODD R. GREGORIAN (CSB NO. 236096)
 9    (tgregorian@fenwick.com)
    LESLIE A. KRAMER (CSB NO. 253313)
10    (lkramer@fenwick.com)
    FENWICK & WEST LLP
11  Silicon Valley Center, 801 California Street
    Mountain View, CA  94041
12  Telephone:   (650) 988-8500
    Facsimile:   (650) 938-5200
13
    Attorneys for Plaintiff
14  SAP AKTIENGESELLSCHAFT
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SAP AKTIENGESELLSCHAFT, a German corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>i2 TECHNOLOGIES, INC., a Delaware corporation,<br><br>　　　　Defendant. | Case No. 4:07-cv-04187 SBA<br><br>**PLAINTIFF SAP'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Saundra B. Armstrong<br>Date: April 8, 2008<br>Time: 1:00 p.m.<br>Courtroom 3, Third Floor |

<u>NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT</u>

TO THE PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

　　Please take notice that on April 8, 2008 at 1 p.m. or as soon thereafter as this matter may

be heard, Plaintiff SAP Aktiengesellschaft ("SAP"), by and through its counsel, will and hereby does move for leave to file the proposed amended complaint submitted with this notice of motion under Rule 15(a) of the Federal Rules of Civil Procedure.

SAP bases this motion upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the supporting declaration of Todd R. Gregorian, and the Proposed Order, filed concurrently herewith, and upon such other matters as may be presented to the Court before or at the time of the hearing.

Dated: February 29, 2008                    FENWICK & WEST LLP

                                            By: /s/ Todd R. Gregorian
                                                    Todd R. Gregorian

                                            Attorneys for Plaintiff SAP Aktiengesellschaft

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff SAP Aktiengesellschaft ("SAP") requests leave to file its Second Amended Complaint in order to include an additional claim of patent infringement against Defendant i2 Technologies ("i2"). The litigation is in its early stages, with minimal discovery conducted to-date, and this request is made before the deadline for amendments set in the Court's Order for Pretrial Preparation. SAP brings the additional cause of action in good faith and not as a delay tactic. As a result, any potential prejudice to the Defendant is minimal, outweighed by SAP's interest in amending, the strong policy in favor of allowing parties to amend their pleadings, and the judicial efficiency that comes with the ability to resolve this claim in the same action with the existing claims, all of which are claims for patent infringement. Plaintiff respectfully requests that the Court grant this motion for leave to file a Second Amended Complaint.

### II. BACKGROUND

On August 15, 2007, SAP filed its Complaint against i2 alleging patent infringement of United States Patents Nos. 6,407,761 and 6,750,766 (collectively, the "patents-in-suit"). Gregorian Decl. ¶ 3. Before i2 responded, on September 14, 2007, SAP filed its First Amended Complaint. Gregorian Decl. ¶ 4. The First Amended Complaint deleted SAP's claim for willful patent infringement against i2. SAP is seeking monetary damages, interest and costs, and injunctive relief based on, among other things, i2's use and sales of infringing products. Gregorian Decl. ¶ 5.

On October 12, 2007, i2 filed its Answer denying the claims in the First Amended Complaint and asserting counterclaims against SAP for declarations of non-infringement and patent invalidity. Gregorian Decl. ¶ 6. SAP answered the counterclaims on October 31, 2007 and denied i2's allegations. Gregorian Decl. ¶ 7. Very little discovery has been conducted in this

matter to date. SAP served a first set of written discovery, including interrogatories and requests for production, on November 30, 2007. Gregorian Decl. ¶ 8. i2 served written responses to the requests for production on January 2, 2008, but has produced no documents in response to these requests. Gregorian Decl. ¶ 9. i2's minimal responses to SAP's six interrogatories are the subject of an ongoing meet and confer process. Gregorian Decl. ¶ 10. i2, for its part, has not yet served SAP with any discovery. Gregorian Decl. ¶ 11. The parties have served their preliminary infringement and invalidity contentions, in accordance with the Local Rules. Gregorian Decl. ¶ 12.

SAP recently discovered that i2 infringes an additional SAP patent – U.S. Patent No. 7,222,369.. Gregorian Decl. ¶ 13. In order to efficiently pursue all claims against i2 in one action, SAP now seeks to file a Second Amended Complaint. Gregorian Decl. ¶¶ 14, 17-18; Exs. A, B. Pursuant to Judge Armstrong's Standing Order for Civil Cases, the parties have met and conferred and have been unable to reach an agreement on this issue. Specifically, SAP's counsel inquired whether i2's counsel would stipulate to the amendment, offering to extend the claim construction schedule by approximately two months, in order to allow i2 to search for prior art and prepare its invalidity contentions. Gregorian Decl. ¶ 15. On January 18, 2008, the Court issued a Scheduling Order, which set March 1, 2008 as the deadline for the parties to add parties and amend claims. Gregorian Decl. ¶ 19; Ex. C.

### III. JUSTICE REQUIRES THAT THIS COURT GRANT SAP LEAVE TO FILE A SECOND AMENDED COMPLAINT.

#### A. Courts Must Liberally Grant Motions For Leave To Amend.

Federal Rule of Civil Procedure 15 requires the Court to grant leave freely when justice so requires. *See* Fed. R. Civ. P. 15(a). In exercising its discretion, "'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or

technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). This policy of granting motions to amend must be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2002). Furthermore, "[a]mendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac RR Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

Although leave to amend is not granted automatically, the reasons for denying such a motion are limited. *See Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999); *Ynclan v. Department of Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991). The Court should grant leave as long as there are no compelling circumstances such as bad faith on the part of the movant, substantial prejudice to the opposing party, or futility of amendment. *Bowles*, 198 F.3d at 757.

### B. Plaintiff Brings This Motion In Good Faith And Without A Dilatory Purpose.

SAP brings this motion shortly after discovering the new cause of action. Gregorian Decl. ¶ 13. SAP promptly—and before the deadline set by the Court—sought leave to amend and is not seeking to delay the litigation or otherwise act in bad faith. Gregorian Decl. ¶ 13, 14, 19; Ex. C.

### C. Defendants Will Not Be Substantially Prejudiced By a Second Amended Complaint.

In order to justify the denial of a motion for leave to amend, there must be substantial prejudice to the opposing party. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Any alleged prejudice must also be weighed against the prejudice to the moving party that will occur if the court does not allow them to amend. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). The need for additional discovery alone is insufficient to deny a motion for leave to amend. *United States v. Continental Illinois Nat'l Bank & Trust*, 889 F.2d 1248, 1255 (2d Cir. 1989); *Genentech, Inc. v. Abbot Laboratories*, 127 F.R.D. 529, 531 (N.D. Cal. 1989).

Defendants will not be substantially prejudiced by allowing SAP to amend its Complaint. i2 has not yet served SAP with discovery in this matter. Gregorian Decl. ¶ 11. Accordingly, i2's discovery efforts will be minimally impacted by the additional claims. Even if substantial additional discovery were required, however, that fact would be insufficient basis to deny this motion. Finally, any alleged prejudice is far outweighed by the right of SAP to assert its recently discovered claim and the judicial efficiencies inherent in the assertion of this claim and the existing claims in a single action.

### D. SAP's Additional Claim is Not Futile.

Courts generally do not assess the validity of the claims contained in the amended pleading in determining whether to grant leave to amend, although leave may be denied if the proposed amendment is futile or would be subject to dismissal. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Where discovery is not yet complete, the proposed amendment is futile only if there is no set of potential facts under the amended complaint that could constitute a valid claim or defense. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

SAP adequately alleges one additional claim of infringement. Whether or not this infringement claim is likely to succeed on the merits is not the appropriate inquiry at this stage. The Court must only look to see if there is any set of facts or circumstances under which the claim could proceed. Because SAP's Second Amended Complaint asserts a valid claim, SAP's amended pleading is not futile and leave should be granted.

///
///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, SAP respectfully requests that this Court grant its motion for leave to file its Second Amended Complaint.

Dated: February 29, 2008

FENWICK & WEST LLP

By: /s/ Todd R. Gregorian
        Todd R. Gregorian

Attorneys for Plaintiff SAP Aktiengesellschaft