1    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     NED N. ISOKAWA (SB# 66287)
2    nedisokawa@paulhastings.com
     JASON K. SONODA (SB# 248105)
3    jasonsonoda@paulhastings.com
     55 Second Street, Twenty-Fourth Floor
4    San Francisco, CA  94105-3441
     Telephone:  (415) 856-7000
5    Facsimile:  (415) 856-7100

6    THEODORE STEVENSON, III (*pro hac vice*)
     tstevenson@mckoolsmith.com
7    SCOTT W. HEJNY (*pro hac vice*)
     shejny@mckoolsmith.com
8    McKOOL SMITH, P.C.
     300 Crescent Court, Suite 1500
9    Dallas, Texas 75201
     Telephone:  (214) 978-4241
10   Facsimile:  (214) 978-4044
     www.mckoolsmith.com
11
     Attorneys for Defendant
12   i2 TECHNOLOGIES, INC.

13

14                        UNITED STATES DISTRICT COURT

15                       NORTHERN DISTRICT OF CALIFORNIA

16                              OAKLAND DIVISION

17

18   SAP AKTIENGESELLSCHAFT,                 CASE NO. 4:07—CV-04187-SBA
     a German Corporation,
19                                           **DEFENDANT'S RESPONSE TO**
                      Plaintiff,             **PLAINTIFF'S MOTION FOR LEAVE TO**
20                                           **AMEND**
                vs.
21
     i2 TECHNOLOGIES INC.,
22   A Delaware corporation

23                      Defendant.

24

25

26

27

28
DEFENDANT'S RESPONSE TO
                                             PLAINTIFF'S MOTION FOR LEAVE TO
                                                                        AMEND

Defendant i2 Technologies, Inc. ("i2") hereby responds as follows to Defendant

SAP Aktiengesellschaft's ("SAP") Motion for Leave to Amend (hereinafter "Motion"):

## I.    INTRODUCTION

On the eve of the Court's March 1, 2008 deadline to Amend Pleadings, SAP sought to

amend its Complaint to add a new patent.  After the parties discussed, i2 refused to agree to the

amendment as it believed SAP's request was unreasonable.  Shortly thereafter SAP filed its

Motion, which is the subject of this Response.

## II.    BACKGROUND

SAP filed suit against i2 on August 15, 2007.  On January 18, 2008, this Court entered its

Order for Pretrial Preparation in Patent Cases.  The Order set a deadline of February 18, 2008 for

i2 to serve its invalidity contentions.

In its Motion, SAP asserted various facts that it desired the Court to rely on in making its

decision.  However, many of the factual assertions in SAP's Motion for Leave to Amend are

inaccurate.

SAP's asserts that "[v]ery little discovery has been conducted in this matter to date."

Declaration of T. Gregorian In Support of SAP'S Motion For Leave To File a Second Amended

Complaint ("Gregorian Decl.) at ¶ 8.  This is simply not true.

The Protective Order in this case contemplates that all discovery produced in *i2*

*Technologies US, Inc. v. SAP AG et al*, Case No. 2:06-CV-352, filed in the Eastern District of

Texas (hereinafter the "Eastern District Litigation"), can be used in the present case. *See*

Declaration of Jason K. Sonoda In Support of Defendant's Response to Plaintiff's Motion for

Leave to Amend ("Sonoda Decl."), Ex. B.  (Stipulated Protective Order) at ¶ 4.  As both sides

have produced millions of pages in the Eastern District Litigation, millions of pages are therefore

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO
AMEND

available in this case.  In fact, SAP has received millions of pages of documents from i2 under the provisions of the Protective Order.  Moreover, in its Preliminary Infringement Contentions, served January 11, 2008, SAP admits that it received over 150 GB of documents and information from i2.  Sonoda Decl., Ex. A. (Plaintiff SAP's Preliminary Infringement Contentions) at pg. 1.

Additionally, SAP also states in its Motion that it had not received any documents in response to its requests for production.  *See* Gregorian Decl. at ¶ 9.  However, SAP cannot credibly contend that there are no documents responsive to its request in the 150 GB of information already produced.  Thus, the idea that "very little" discovery has taken place is curious indeed.

**III.    ARGUMENT AND AUTHORITIES**

Having more accurately described the facts, i2 will now turn to the arguments made by SAP in support of its Motion.

**A.    Liberally Granting of Motions for Leave Conflict with the Patent Rules.**

i2 does not dispute the general proposition that Courts generally permit leave to amend Complaints.  However, SAP could not direct this Court to a single case supporting its position, despite the wide spread use of Patent Rules in this and other jurisdictions.  Simply put, not one of the cases cited by SAP supports its present request for relief.

The Patent Rules contemplate fixed deadlines for the orderly prosecution of the litigation.  Permitting the addition of a new patent at this late stage of the litigation would vitiate the very purposes of the Patent Rules and set a dangerous precedent for future cases.

**B.    SAP's Failed to Show Good Faith.**

Implicitly recognizing that it must show good cause for the Court to grant leave to amend, SAP avers that it seeks leave in good faith and that it was not dilatory.  However, SAP never discloses when it first became aware of the new patent.  Nor does SAP explain why it waited until

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

the eleventh hour, two days before the deadline, to approach i2 with its request.

It is telling that SAP's request comes on the heels of service of i2's Preliminary Invalidity Contentions. After review of these contentions, SAP now seeks to bolster the invalidity problems associated with the current patents-in-suit by adding a new patent, and in doing so, taking another bite at the proverbial apple.

### C.     Substantial Prejudice Exists.

Permitting SAP to add a patent at this late stage will substantially prejudice i2. In resolving this present dispute, the Court must weigh the prejudice to i2 versus any prejudice to SAP. *See Bell v. Allstate Life Ins., Co.*, 160 F.3d 452, 454 (8th Cir. 1998). After reviewing the facts, the prejudice to i2 vastly outweighs any potential prejudice to SAP.

#### 1.     SAP will not be prejudiced by denying the Motion.

Even though SAP recognizes that there is prejudice to i2, SAP states that i2's prejudice is outweighed by the right of SAP to bring its claim and the judicial efficiencies in allowing the amendment. Neither of these assertions supports prejudice to SAP.

First, i2 does not contend that SAP should lose its right to assert its patent. SAP's right is preserved simply by bringing a separate cause of action regarding the new patent. SAP has offered no facts, evidence, or arguments supporting the proposition that bringing a separate cause of action would be prejudicial.

Second, SAP's assertion that i2's prejudice is also outweighed by "judicial efficiencies" does not address the legal standard SAP relies on. SAP has simply failed to show how any alleged judicial inefficiencies arising from bringing a new lawsuit would prejudice SAP.[1] Thus, SAP has no support for its two stated bases for being prejudiced. SAP's Motion should be denied on this basis alone.

---

[1] In fact, as will be shown below, permitting the addition of a new patent in the present action will result in a great deal of judicial inefficiency.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

**2.     i2 Is Entitled to have the Allegations of Infringement be Resolved Timely.**

SAP notes one fact that indicates prejudice to i2 - that is, there would not be any prejudice to i2 because i2 has not yet served SAP with discovery in this matter. Of course, to take this position requires SAP to ignore the facts above that the discovery in the Eastern District Litigation is likewise to be produced in this litigation.

More importantly, however, is SAP's failure to fully address how permitting the amendment will alter the current schedule and landscape of the present action. That is, allowing the amendment after the parties have completed their contention practice and are entering the Markman stage would require a complete overhaul of the current schedule. Overhauling the schedule would deny i2 the right to have the allegations of infringement proven baseless in a timely and efficient matter.

**3.     SAP's proposed deadlines would prejudice i2.**

In an attempt to resolve this matter amicably, i2 engaged in good faith discussions with SAP. To that end, i2 detailed some of the problems inherent in permitting the addition of a new patent at this stage of the litigation. *See* Sonoda Decl., Ex. C (February 29, 2008 e-mail from Andrew W. Spangler to Michael Sacksteder). A new patent would be problematic under the current schedule as the parties would need to develop new contentions, research prior art, etc. *Id.*

SAP's response to these issues was a plan to stipulate that contentions would be due according to the deadlines in the Patent Rules.[2] *Id.* In other words, i2 would essentially be required to produce its invalidity contentions 45 days after entry of the Amended Complaint. i2 explained to SAP that 45 days is far shorter than what the patent rules contemplate but SAP never directly responded to this fact. *Id.*

---

[2] To date, i2 is still unclear as to SAP's solution for modifying the Markman process with the addition of a new patent.

A cursory review of patent filings in this district supports i2's position. Under normal circumstances, and as happened in this case, a defendant has approximately 6 months to determine its position with respect to allegations of infringement, search for prior art, and develop the corresponding contentions. SAP, however, seeks to require SAP to perform the same tasks in 1.5 months but asserts that there is no prejudice to i2. Such a position is untenable.

**D.    Modifying the Schedule Would Be Necessary if the Court were to Grant Leave to Amend**

SAP's Motion should be denied. However, were the Court to permit SAP to add a new patent, the Court should consider how best to modify the schedule to cure the prejudice to i2 described above. i2 respectfully requests that any modifications to the schedule reflect a consistent application of the Patent Rules

Accordingly, if the Court to grant SAP's Motion, i2 would request that the Court suspend all current deadlines. i2 would have 5 months, or one month shorter than under normal circumstances, to search for prior art and develop its invalidity contentions. The parties would then reengage in the *Markman* process.

i2 believes its proposal is the only legitimate solution to the current problem. Changes of the magnitude required to cure the prejudice to i2 while honoring the Patent Rules would require a new schedule with a new trial date. Of course, denying SAP's Motion would alleviate the necessity of entering a completely new schedule. However, were the Court to grant the Motion, i2 respectfully requests that the Court adopt i2's proposed schedule and not the 45 day limitation requested by SAP.

**E.    CONCLUSION**

SAP failed to show it was not dilatory. SAP failed to evidence how it would be prejudiced by brining a separate cause of action. SAP failed to appreciate the prejudice to i2 and

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

1    proposed unworkable solutions to the schedule to accommodate for a new patent.  For those

2    reasons and for the reasons described above, i2 respectfully requests that the Court deny SAP's

3    Motion.

4    Dated:  March 17, 2008                    PAUL, HASTINGS, JANOFSKY &

5                            WALKER LLP

6

7

8                          By:          /s/ Jason K. Sonoda

                                        Jason K. Sonoda

9

10                          Attorneys for Defendant

                         i2 Technologies, Inc.

11

12

13    MCKOOL SMITH

    Theodore Stevenson, III (*Pro Hac Vice*)

14    Scott W. Hejny (*Pro Hac Vice*)

    300 Crescent Court, Suite 1600

15    Dallas, Texas 75201

    Telephone:  (214) 978-2000

16    Facsimile:  (214) 978-4044

17

18    Attorneys for Defendant

    i2 Technologies, Inc.

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO
AMEND

1

## PROOF OF SERVICE BY ELECTRONIC MAIL

2

I am a citizen of the United States and employed in San Francisco County, California.  I

3

am over the age of eighteen years and not a party to the within-entitled action.  My business

address is 55 Second Street, Twenty-Fourth Floor, San Francisco, California  94105-3441.

4

On March 17, 2008, I served a true and correct copy of:

5

**i2 TECHNOLOGIES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO**

6

**AMEND**

7

[X]        **VIA ELECTRONIC MAIL:**

8

Pursuant to the operation of the U.S. District Court for the Northern District of California
E-Filing system, all parties above have been served via e-mail; per Local Rule 5-4 and
General Order 45.

9

10

All parties below have been served via e-mail. as follows:

11

Michael J. Sacksteder                          Hector J. Ribera
Fenwick & West LLP                            Fenwick & West LLP

12

555 California Street, Suite 1200           Silicon Valley Street
San Francisco, CA  94104                     801 California Street

13

msacksteder@fenwick.com                   Mountain View, CA  94041
                                                              hribera@fenwick.com

14

David L. Hayes                                    Saina Sason Shamilov

15

Fenwick & West LLP                            Fenwick & West LLP
Silicon Valley Street                            Silicon Valley Street

16

801 California Street                            801 California Street
Mountain View, CA  94041                  Mountain View, CA  94041

17

dhayes@fenwick.com                          sshamilov@fenwick.com

18

                                                              Todd R. Gregorian
                                                              Fenwick & West LLP

19

                                                              Silicon Valley Street
                                                              801 California Street

20

                                                              Mountain View, CA  94041
                                                              tgregorian@fenwick.com

21

22

I declare under penalty of perjury under the laws of the United States that the foregoing is

23

true and correct.  Executed on March 17, 2008, at San Francisco, California.

24

25

By:        /s/ Carol Alexander

26

Carol Alexander

LEGAL_US_W # 58451676.1

27

28

Case No. 4:07—CV-04187-SBA

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO
AMEND