**EXHIBIT B**

LYNN H. PASAHOW (CSB No. 054283)
 (lpasahow@fenwick.com)
DAVID L. HAYES (CSB No. 122894)
 (dhayes@fenwick.com)
MICHAEL J. SACKSTEDER (CSB No. 191605)
 (msacksteder@fenwick.com)
SAINA SHAMILOV (CSB No. 216636)
 (sshamilov@fenwick.com)
HECTOR RIBERA (CSB No. 221511)
 (hribera@fenwick.com)
TODD R. GREGORIAN (CSB NO. 236096)
 (tgregorian@fenwick.com)

FENWICK & WEST LLP
Silicon Valley Center, 801 California Street
Mountain View, CA 94041
Telephone:    (650) 988-8500
Facsimile:    (650) 938-5200

Attorneys for Plaintiff
SAP AKTIENGESELLSCHAFT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SAP AKTIENGESELLSCHAFT, a German corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>i2 TECHNOLOGIES, INC., a Delaware corporation,<br><br>　　　　　　Defendant. | Case No. 4:07-cv-04187 SBA<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

## STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY OF CONFIDENTIAL AND PROPRIETARY INFORMATION

The Court issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this Order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Material") that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Material could severely injure or damage the party disclosing or producing the Confidential Material and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Material are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Material as to the confidential, proprietary, and/or trade secret nature of such Confidential Material; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. **Application of Protective Order** - All information, testimony, things or documents filed with the Court or produced or given (either by a party or by a non-party) as part of discovery in this action shall be governed by this Protective Order ("Covered Matter"), including documents and things, portions of documents, answers to interrogatories, responses to requests for admissions of fact, depositions, transcripts of depositions, portions of briefs, memoranda or writings filed with or otherwise supplied to the Court, and technical or commercial information derived therefrom deemed by any entity producing that information to be confidential information. This Protective Order permits the parties to designate certain material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - RESTRICTED SOURCE CODE." (hereafter collectively referred to as "Confidential Material")

    (a) **CONFIDENTIAL - ATTORNEYS' EYES ONLY designation** - A party or non-party (the "Designating Party") may designate as "CONFIDENTIAL – ATTORNEYS' EYES

ONLY" that portion of any Covered Matter that the Designating Party believes in good faith in accordance with Fed. R. Civ. Proc. 26(c) contains confidential information which, if disclosed to a competitor, may cause competitive harm, including but not limited to confidential research, development, financial, technical, marketing, product planning, personal information, commercial information, patent prosecution, patent licensing, intellectual property protection strategies and steps, industry analyses, and any other information which the party believes in good faith may cause competitive harm if disclosed.

(b) **HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY designation** - The Designating Party may designate as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" that portion of any Covered Matter that the Designating Party believes in good faith in accordance with Fed. R. Civ. Proc. 26(c) contains any material that constitutes or contains (1) non-public ongoing patent prosecution information or (2) current research and development materials for products that have not yet been released, that will harm a designating party's competitive position if it becomes known to a person or party other than the producing party.

(c) **HIGHLY CONFIDENTIAL - RESTRICTED SOURCE CODE designation** - The parties recognize that, in certain instances, software can be highly valuable and must be maintained in confidence. Such software and in particular readable software in the form of source code or assembly code, is collectively referred to herein as "Source Code." "Source Code" shall not include code that is widely disseminated to customers and/or non-party vendors or consultants.

The provisions of this Protective Order with respect to Confidential Material shall not apply to information which (a) was, is, or becomes public knowledge without fault of the receiving party and not in violation of this Protective Order; (b) is lawfully acquired in good faith from a third party not subject to this Protective Order, such third party being lawfully in possession of it and under no obligation of confidentiality to the producing party; (c) was lawfully possessed by the receiving party prior to first receipt of the material from the producing party, provided such

1  information was not received directly, or indirectly, from the producing party; (d) is discovered
2  independently by the receiving party by means which do not constitute a violation of this
3  Protective Order; or (e) was submitted to any governmental entity without request for confidential
4  treatment.

5  2. **Designating and Marking Confidential Material** - The producing party shall mark the
6  copies of such Covered Matter as "CONFIDENTIAL - ATTORNEYS' EYES ONLY,"
7  "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY
8  CONFIDENTIAL - RESTRICTED SOURCE CODE," prior to producing the copies to the
9  opposing party. If a document has more than one designation, the more restrictive or higher
10 confidential designation applies. To the extent the parties will produce documents that were
11 first produced in other litigations and labeled "Confidential" or "Highly Confidential," or
12 designated with any other confidentiality restrictions, such documents will be treated as if
13 they had been designated as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS'
14 EYES ONLY," under the terms of this Protective Order, unless and until the parties reach a
15 different agreement regarding such documents and/or the Court rules otherwise. This
16 Protective Order shall not in any other way change a party's obligations under any other
17 agreement or protective order.

18 (a) **Documents:** Documents may be designated by placing one of the following legends, or
19 an equivalent thereof, on any such document: "CONFIDENTIAL - ATTORNEYS'
20 EYES ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES
21 ONLY," or "HIGHLY CONFIDENTIAL - RESTRICTED SOURCE CODE." Such
22 legends shall be placed upon the first page of each document containing Confidential
23 Material and upon each page within such document considered to contain Confidential
24 Material.

25 (b) **Native and/or Other Electronic Materials:** All Confidential Material not reduced to
26 documentary, tangible or physical form or which cannot be conveniently designated as set
27 forth in Paragraph 2(a) shall be designated by informing the receiving party of the
28 designation in writing. To the extent the receiving party subsequently generates copies of

[PROPOSED] STIPULATED PROTECTIVE ORDER         4         CASE NO. 4:07-CV-04187 SBA

this information, whether electronic or hard-copy, it shall mark such copies with the appropriate confidentiality designations. When documents are produced in electronic form, the producing party shall include a confidentiality designation on the medium containing the documents. If the medium contains documents in native electronic format, the medium shall include an electronic database record for each native format file that includes on the face of the electronic database record the applicable confidentiality designation (if any) and a document identification or Bates number that identifies the specific production number of such document within the producing party's production. When a receiving party prints a native format file from such medium, the receiving party shall also print the corresponding electronic database record and the receiving party shall attach the printed electronic database record to the printed native format file so that the native file's confidentiality designation will be readily apparent to one viewing the file. In the event that a receiving party prints a native format file from a medium that has been marked with a confidentiality designation, but the native file is not accompanied by an electronic database record or the electronic database record could not be printed, the receiving party shall mark each such page of such native file with a "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" designation until the native file's electronic database record may be located or printed.

(c) **Documents Made Available for Inspection:** Any documents or electronically stored information (including physical objects) made available to counsel for the receiving party for initial inspection prior to the producing party producing copies of selected items shall initially be considered, as a whole, to constitute "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" information and shall be subject to this Protective Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents under the confidentiality designations constituting Confidential Material prior to furnishing copies to the receiving party.

(d) **Physical Exhibits:** The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as

[PROPOSED] STIPULATED PROTECTIVE ORDER    5    CASE NO. 4:07-CV-04187 SBA

1   described in Paragraph 2(a) above.

2   (e) **Written Discovery:** In the case of information incorporated in answers to interrogatories or responses to requests for admission, the appropriate confidentiality notice as described in Paragraph 2(a) above shall be placed on each answer or response that contains Confidential Material.

6   (f) **Deposition Proceedings:** Deposition transcripts shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material until 30 days after receipt of the deposition transcript by counsel for the witness, after which the information revealed during the deposition shall cease to be treated as Confidential Material unless, at the deposition and on the record, or in writing before the 30 days have expired, the witness, his or her employer or his or her counsel designate the deposition transcript (including exhibits), or any portion thereof, as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY." In the case of non-party witnesses, either plaintiff, defendant or the non-party witness, his or her employer, or his or her counsel may designate information revealed as Confidential Material either by a statement to such effect on the record in the course of the deposition, or in writing within 30 days of receipt of the deposition by the non-party witness's counsel.

Upon designation of the transcript on the record, during the deposition, the portion of the deposition containing Confidential Material shall continue in the absence of all persons to who access to said Confidential Material has been denied under the terms of this Protective Order. The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been stated to contain Confidential Material and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent, to the Court, and to counsel for the parties bound by the terms of this Protective Order.

With regard to designations made within thirty (30) days after receipt of the transcript of a deposition, counsel shall make such designations by sending written notice to

[PROPOSED] STIPULATED PROTECTIVE ORDER        6        CASE NO. 4:07-CV-04187 SBA

the Court Reporter, to counsel for the parties, and to any other person known to have a copy of said transcript. The notice shall reference this Protective Order, identify the appropriate level of confidentiality, and identify the pages and/or exhibits so designated. All copies of transcripts designated in this fashion shall be marked with a notice indicating the appropriate level of confidentiality of the material and shall be governed by the terms of this Protective Order

3. **Challenging Designations:** At any time after the delivery of Covered Matter, counsel for the party or parties receiving the Covered Matter may challenge the designation of all, or any portion thereof, by providing 10 business days written notice thereof to counsel for the party disclosing or producing the Covered Matter prior to filing any motion with the Court to challenge such designations. The notice shall identify the specific pages or portions of pages being challenged. All Covered Matter is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment. The burden for showing confidentiality falls on the designating party.

4. **Treatment of Confidential Material:** Covered Matter and any information contained therein shall be used solely for the purposes of: (1) this litigation as provided for below; and (2) the litigation between i2 and SAP currently pending in the Eastern District of Texas, styled i2 Technologies US, Inc. et al. v. SAP AG et al., Case No. 2:06-CV-352, pursuant to the terms of the Protective Order entered by the Court in that case – and shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any other purpose whatsoever.

The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

5. **Limitations on Use and Disclosure of CONFIDENTIAL - ATTORNEYS' EYES ONLY Material:** Covered Matter designated as "CONFIDENTIAL - ATTORNEYS' EYES

ONLY" and any information contained therein shall be disclosed only to the following persons:

(a) Outside counsel of the parties in the law firms identified below, and any members of their support staff assisting such counsel;

(b) In-house attorneys who are actively engaged in assisting outside counsel with respect to this litigation, and their clerical staff;

(c) The Court, and court personnel and stenographic reporters, engaged in such proceedings as are necessary to the preparation for trial (e.g., depositions) and/or trial of this action;

(d) A reasonable number of independent outside experts or consultants engaged by counsel or the parties to assist in this litigation and their clerical staff; the disclosure to any such independent outside expert or consultant pursuant to this subpart must be reasonably necessary to assist counsel for any party in the preparation for trial and/or trial and such persons must become qualified to receive such materials and information in accordance with the procedures in Paragraph 8 below before receiving such information; and

(e) Outside copying, litigation support and management services, exhibit preparation services, any interpreter or translator, including any typist or transcriber used in connection with providing interpretation or translations services, and outside jury consultants and trial consultants.

Covered Matter designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and any information contained therein shall be used solely for the purposes of this litigation and the litigation between i2 and SAP currently pending in the Eastern District of Texas, styled i2 Technologies US, Inc. et al. v. SAP AG et al., Case No. 2:06-CV-352. All Qualified Persons with authorized access to materials or information so designated shall be advised of their obligations under this Protective Order. In-house attorneys and their staff having access to materials or information designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall keep such materials and information and copies of such materials or information in a location to which access is restricted to the in-house attorneys and their staff.

[PROPOSED] STIPULATED PROTECTIVE ORDER     8     CASE NO. 4:07-CV-04187 SBA

6. **Limitations on Use and Disclosure of HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY Material:** Covered Matter designated as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," and any information contained therein shall be disclosed only to the following persons:

(a) Outside counsel of the parties in the law firms identified below, and any members of their support staff assisting such counsel;

(b) The Court, and court personnel and stenographic reporters, engaged in such proceedings as are necessary to the preparation for trial (e.g., depositions) and/or trial of this action;

(c) A reasonable number of independent outside experts or consultants engaged by counsel or the parties to assist in this litigation and their clerical staff; the disclosure to any such independent outside expert or consultant pursuant to this subpart must be reasonably necessary to assist counsel for any party in the preparation for trial and/or trial and such persons must become qualified to receive such materials and information in accordance with the procedures in Paragraph 8 below before receiving such information; and

(d) Outside copying, litigation support and management services, exhibit preparation services, any interpreter or translator, including any typist or transcriber used in connection with providing interpretation or translations services, and outside jury consultants and trial consultants.

Covered Matter designated as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" and any information contained therein shall be used solely for the purposes of this litigation and the litigation between i2 and SAP currently pending in the Eastern District of Texas, styled i2 Technologies US, Inc. et al. v. SAP AG et al., Case No. 2:06-CV-352. All Qualified Persons with authorized access to materials or information so designated shall be advised of their obligations under this Protective Order.

7. **Limitations on Use and Disclosure of HIGHLY CONFIDENTIAL - RESTRICTED SOURCE CODE Material:** Covered Matter designated as "HIGHLY CONFIDENTIAL - RESTRICTED SOURCE CODE" and any information contained therein shall be disclosed only to the following persons:

[PROPOSED] STIPULATED PROTECTIVE ORDER                    9                    CASE NO. 4:07-CV-04187 SBA

1  (a) Outside counsel of the parties in the law firms identified below, and any members of their
2      support staff assisting such counsel;
3  (b) The Court, and court personnel and stenographic reporters, engaged in such proceedings
4      as are necessary to the preparation for trial (e.g., depositions) and/or trial of this action;
5  (c) A reasonable number of independent outside experts or consultants engaged by counsel or
6      the parties to assist in this litigation and their clerical staff; the disclosure to any such
7      independent outside expert or consultant pursuant to this subpart must be reasonably
8      necessary to assist counsel for any party in the preparation for trial and/or trial and such
9      persons must become qualified to receive such materials and information in accordance
10     with the procedures in Paragraph 8 below before receiving such information.

Covered Matter designated as "HIGHLY CONFIDENTIAL - RESTRICTED SOURCE CODE" and any information contained therein shall be used solely for the prosecution of this litigation. All Qualified Persons with authorized access to materials or information so designated shall be advised of their obligations under this Protective Order.

8. **Clearing of Consultants and Experts to See Confidential Material:** Prior to disclosure of any material designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - RESTRICTED SOURCE CODE," to any persons described in Paragraphs 5(d), 6(c), or 7(c), counsel for the party that has received such material shall first provide such person with a copy of the Protective Order and shall cause such person to execute the Acknowledgment attached hereto as Exhibit A, evidencing such person's agreement to be bound by the terms and conditions of this Protective Order.

   (a) Prior to disclosure of any designated material to any persons described in
       Paragraphs 5(d), 6(c), or 7(c) a duplicate original of said written Acknowledgment
       will be provided to each party, as well as a curriculum vitae of such person
       including a description of the prior employment and consulting positions held by
       such person in his/her field and disclosing any relationships to the parties, direct or
       indirect.

(b) No designated material shall be shown to any person described in Paragraphs 5(d), 6(c), or 7(c) until fourteen (14) days after such person is identified in writing to the opposing party and such brief biological sketch is provided to the opposing party.

(c) In the event that a party objects in writing to the designation of any person described in Paragraphs 5(d), 6(c), or 7(c), within the fourteen (14) day period set forth in Paragraph 8(b) above, no disclosure of any Confidential Material may be made to such person until the objecting party consents or, after a good faith attempt to resolve the issue by the parties, the Court rules in favor of the non-objecting party. Objections shall not be unreasonably made.

9. **Improper Disclosure of Confidential Material:** If any Confidential Material is disclosed to any person other than in a manner authorized by this Order, the party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure or knowledgeable of the disclosure (including the name, address and employer of the person to whom the disclosure was made), and shall immediately make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information.

10. **Maintenance of HIGHLY CONFIDENTIAL - RESTRICTED SOURCE CODE Material:** In addition to the terms set forth in Paragraphs 7 and 8 herein, Covered Matter designated "HIGHLY CONFIDENTIAL - RESTRICTED SOURCE CODE" shall be provided the following additional protections given the particularly sensitive nature of the information:

(a) Any and all source code, except for hard (non-electronic) copies, shall be stored and viewed only at the offices of one (1) agreed-upon source code custodian ("Source Code Custodian").

(b) Subject to subparagraphs (c) and (d), any source code produced in electronic form shall be stored and viewed only at the offices of the Source Code Custodian and shall be maintained in a secured, locked area. No electronic copies of source code

[PROPOSED] STIPULATED PROTECTIVE ORDER    11    CASE NO. 4:07-CV-04187 SBA

shall be made. Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or computer network). The Source Code Custodian shall maintain a Source Code Access Log identifying, each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard (non-electronic) copies of any portion of the code were printed and/or copied and the portion (by description or Bates range) of the code printed and/or copied. The receiving party reviewing source code shall be allowed to make hard (non-electronic) copies of material that they, in good faith, consider relevant. Each party agrees that no character recognition or any OCR software shall be used on the hard copies produced. The parties shall negotiate reasonable limitations on the amount of source code that is released by the producing party at any given time.

(c) Any hard (non-electronic) copies of source code shall be stored and viewed only within the United States at:

    i. A secured, locked area in the offices of the Source Code Custodian, provided the hard (non-electronic) copies are marked with the designation "HIGHLY CONFIDENTIAL - RESTRICTED SOURCE CODE;"

    ii. The Court;

    iii. The site where any deposition relating to the source code is taken;

    iv. Any intermediate location reasonably necessary to transport the information (e.g., hotel prior to the deposition).

(d) For each and every hard (non-electronic) copy of any SOURCE CODE, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy. Excessive reproduction of source code should be avoided.

(e) Prior to the receiving party taking possession of a hard (non-electronic) copy of source code as provided for under this paragraph, the receiving party shall inform

the producing party as to specifically what portions of source code it plans to take into its possession. If any hard (non-electronic) copies of any portion of the code are copied, within 10 business days of the copying, the description or Bates ranges of the code copied and a hard copy will be provided by the reviewing party to the producing party.

(f) To the extent any source code becomes an exhibit to a deposition, two copies of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area. Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

11. **Submission of Confidential Material to the Court:** Where a party seeks to submit documents to the Court that have been or that contain information designated as Confidential Material by another party, the submitting party shall file such documents under seal according to the procedures set forth by the Court, the Local Rules including Civil Local Rule 79-5, the Federal Rules of Civil Procedure, and/or any other applicable rules. Where a submitting party declines to seek an order sealing documents submitted to the Court containing its own Confidential Material, the submitted material will no longer qualify for protection as Confidential Material under this Protective Order.

(a) Except for use in trial, in the event that any "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - RESTRICTED SOURCE CODE" is used in motions, briefs, or other documents filed with the Court, such document shall be filed under seal and bear the legend:

THIS DOCUMENT CONTAINS MATERIALS WHICH ARE

CLAIMED TO BE

CONFIDENTIAL – ATTORNEYS' EYES ONLY or

HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY or

HIGHLY CONFIDENTIAL –RESTRICTED SOURCE CODE

AND COVERED BY A PROTECTIVE ORDER

12. **Use of Confidential Material During Court Proceedings:** In the event that any Confidential Material is used in any Court pre-trial proceeding in this litigation (including but not limited to conferences, oral arguments, or hearings), the Confidential Material shall not lose its status as Confidential Material through such use. No less than three (3) days prior to such pre-trial proceeding, the party intending to use such Confidential Material shall notify the Designating Party of its intention. For the purposes of hearings on motions, designation or citation in the briefs of Confidential Material shall be considered to be sufficient notice to a party with respect to information referenced therein. In the event that the 3-day notice provided for herein is not practical, this provision shall not be used to strike Confidential Materials from being used at the proceeding, except for good cause shown, and the party seeking to use the Confidential Material on less than 3 days' notice shall notify the Court and the Designating Party of its intent to use the Confidential Material prior to the use of any such Confidential Material. Upon such notification, the parties shall meet and confer and the party seeking to use the Confidential Material shall take all steps reasonably required to protect the confidentiality of the Confidential Material during such use, including, but not limited to, requesting *in camera* proceedings. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of Confidential Material at trial. The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Confidential Material at trial.

13. **Inadvertent or Unintentional Disclosure of Confidential Material:** Regardless of whether the information was so designated at the time of disclosure, inadvertent or unintentional disclosure of Confidential Material shall not be deemed a waiver in whole or in part of the party's claim of confidentiality either as to the specific information disclosed therein or on the same or related subject matter, provided that the party asserting the claim of confidentiality informs the opposing party of its claim within a reasonable time after learning of the disclosure.

14. **Inadvertent Disclosure of Privileged Material:** If information subject to a claim of attorney-client privilege, work-product immunity, or any other applicable claim of privilege or immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such information. Information subject to a claim of privilege or immunity must be returned as soon as it is discovered, without any need to show the production was inadvertent. Upon request by the producing party, the receiving party shall immediately return all copies of such document(s) or thing(s) and shall destroy any newly created derivative document such as a summary or comment on the inadvertently produced information. The receiving party may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production. If a claim is disputed, the receiving party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the parties or by a decision of this Court.

15. **No Admissions:** Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this litigation, or be admissible into evidence during trial. Moreover, neither the failure to designate information in accordance with this Protective Order nor the failure to object to a designation at or within a given time shall preclude a party from subsequently seeking relief of the Court to impose such designation or to challenge the propriety thereof.

16. **Termination of Litigation:** After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.

   (a) **Jurisdiction:** This Court retains and shall have continuing jurisdiction over the parties and recipients of the Covered Matter for enforcement of the provisions of this Order following termination of this litigation.

(b) **Destruction of Covered Matter:** Within forty-five (45) days after termination of this action by final, non-appealable dismissal or judgment, or by settlement, counsel for the party or parties receiving Covered Matter shall destroy or return all Covered Matter received, and notify the producing party of any such destruction.

(c) **Retention of Covered Matter:** Counsel for the party or parties receiving Covered Matter may retain a copy of any pleading, transcript (e.g. deposition, hearing, or trial), or exhibit thereto, regardless of its confidential designation. The party or parties receiving the Covered Matter shall be entitled to keep their attorney work product which refers or relates to any Covered Matter. Attorney work product may be used in subsequent litigation provided that such use does not disclose Covered Matter or any information contained therein.

17. **Order is Binding:** This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control. The parties agree that the provisions of this Order shall become binding upon both parties at the time it is filed and shall remain so following entry.

18. **Jurisdiction:** Any person receiving Confidential Material under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

19. **Modification of Order:** Each party reserves the right to move the Court to modify the terms of this Protective Order in the event that the party believes that it is necessary. In the event such an application is made, all persons described herein shall be bound by the terms of this Protective Order unless and until it is modified by the Court.

///

///

///

[PROPOSED] STIPULATED PROTECTIVE ORDER     16     CASE NO. 4:07-CV-04187 SBA

**ATTESTATION**

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of the document has been obtained from Jason K. Sonoda.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: December 18, 2007                     FENWICK & WEST LLP

By:/S/ Michael Sacksteder
    Michael Sacksteder

Attorneys for Plaintiff SAP Akteingesellschaft

Dated: December 18, 2007

By:/S/ Jason Sonoda
    Jason Sonoda

Attorneys for Defendant i2 Technologies, Inc.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: Jan 7, 2008

_____
The Hon. ~~Armstrong~~
Judge Joseph C. Spero
United States District Court
Northern District of California

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SAP AKTIENGESELLSCHAFT, a German corporation, <br><br> Plaintiff, <br><br> v. <br><br> i2 TECHNOLOGIES, INC., a Delaware corporation, <br><br> Defendant. | Case No. 4:07-cv-04187 SBA |

**ACKNOWLEDGMENT**

I, _____ depose and say that:

1. I live at _____, I am currently employed by _____.

2. I have been provided with and read a copy of the PROTECTIVE ORDER agreed to by the parties in the above-captioned litigation.

3. I understand that my name has been submitted as a proposed recipient of materials and information that have been designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - RESTRICTED SOURCE CODE," pursuant to Paragraphs 1 and 2 of the PROTECTIVE AGREEMENT.

4. I agree to abide by and be bound by the terms of the PROTECTIVE ORDER, and agree that any Confidential Material within the meaning of the PROTECTIVE ORDER will be used by me only to assist counsel in connection with the above-captioned litigation.

5. I agree that I will not disclose or discuss such Confidential Material with anyone other than the persons described in Paragraphs 5, 6, and 7 respectively, and, if necessary,

[PROPOSED] STIPULATED PROTECTIVE ORDER   18   CASE NO. 4:07-CV-04187 SBA

qualified under Paragraph 8 of the PROTECTIVE ORDER.

6. I agree not to make any copies of Confidential Information furnished to me pursuant to the PROTECTIVE ORDER other than copies used by me in accordance with Paragraph 4 of this ACKNOWLEDGMENT.

7. I understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the PROTECTIVE ORDER will constitute a breach of the PROTECTIVE ORDER and also of my obligations under this ACKNOWLEDGEMENT, which may subject me to legal action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2007.

_____

DATE:_____                    TIME:_____

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

[PROPOSED] STIPULATED PROTECTIVE ORDER        19        CASE NO. 4:07-CV-04187 SBA