DAVID L. HAYES (CSB No. 122894)
 (dhayes@fenwick.com)
MICHAEL J. SACKSTEDER (CSB No. 191605)
 (msacksteder@fenwick.com)
FENWICK & WEST LLP
555 California Street
12th Floor
San Francisco, CA 94104
Telephone:  (415) 875-2300
Facsimile:  (415) 281-1350

SAINA S. SHAMILOV (CSB No. 216636)
 (sshamilov@fenwick.com)
HECTOR J. RIBERA (CSB No. 221511)
 (hribera@fenwick.com)
TODD R. GREGORIAN (CSB NO. 236096)
 (tgregorian@fenwick.com)
LESLIE A. KRAMER (CSB NO. 253313)
 (lkramer@fenwick.com)
FENWICK & WEST LLP
Silicon Valley Center, 801 California Street
Mountain View, CA  94041
Telephone:  (650) 988-8500
Facsimile:  (650) 938-5200

Attorneys for Plaintiff
SAP AKTIENGESELLSCHAFT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SAP AKTIENGESELLSCHAFT, a German corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>i2 TECHNOLOGIES, INC., a Delaware corporation,<br><br>　　　　　Defendant. | Case No. 4:07-cv-04187 SBA<br><br>**PLAINTIFF SAP AG'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Judge:  Hon. Saundra B. Armstrong<br>Date:  April 8, 2008<br>Time:  1:00 p.m.<br>Courtroom 3, Third Floor |

### I. INTRODUCTION

Both parties to this litigation proposed a deadline for amending pleadings, which the Court accepted in its Scheduling Order. Now that Plaintiff SAP has timely sought leave to

amend, however, i2 offers fanciful arguments regarding how such an amendment would be prejudicial. i2 claims that the amendment will frustrate its desire for speedy resolution of the case, while simultaneously requesting that *all deadlines* in the case be suspended for five months while it conducts a prior art search. i2 also asserts that the Court's deadline now "conflicts" with the Patent Local Rules—a fact apparently overlooked by i2 when it jointly proposed the current case schedule. These arguments are offered without any supporting authority, and certainly none identifies any grounds justifying denial of leave to amend. The Court should therefore grant SAP's motion.

## II. ARUGUMENT

### A. The Existence of the Patent Local Rules Does Not Justify Application of a More Stringent Standard than the Federal Rules Require

The Rule 15 policy favoring pleading amendments is applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960)). In order to overcome the presumption in favor of granting SAP's motion, Defendant i2 must show that it would suffer substantial prejudice, or that SAP acted in bad faith in seeking to amend. *See Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999); *Webb*, 655 F.2d at 980 ("Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading").

Unable to make such a showing, i2 instead contends that the Northern District's Patent Local Rules conflict with the Rule 15(a)'s liberal policy with respect to amendment—the implication being that SAP's motion should be evaluated more strictly than the Federal Rules of Civil Procedure require. (*See*, Defendant's Response to Plaintiff's Motion at 2, hereafter "Opp." Docket #63.) i2 offers no authority for this argument, and, of course, no such conflict exists: the Patent Local Rules do not speak to the requisite standard for evaluating amendments to the pleadings. Furthermore, in the event an actual conflict did exist between the Local Rules and the Federal Rules, the Federal Rules would control. *See,* Fed. R. Civ. Proc. 83 (district court rules governing practice "must be consistent with…federal statutes and rules"); *see also, e.g., Ordonez v. Johnson*, 254 F.3d 814, 816 (9th Cir. 2001) (resolving conflict between filing requirements of

local rules and Federal Rule of Civil Procedure 1); *United States v. $273,969.04 United States Currency*, 164 F.3d 462, 464 (9th Cir. 1999) (resolving conflict between local rules and Federal Rule of Civil Procedure 56). In any event, as discussed below, SAP is willing to agree to a reasonable modification of the claim construction schedule to resolve any purported "conflict" with the Patent Local Rules. There is therefore no basis for applying anything but the "extremely liberal" standard of Rule 15 to SAP's motion.

### B. i2 Identifies No Prejudice Sufficient to Support Denial of Leave to Amend

In its opposition, i2 identifies the following potential sources prejudice: (1) discovery already conducted by the parties in a separate action in the Eastern District of Texas; and (2) adjustments to the current case schedule that may be required in light of the amendment. (Opp. at 2.) i2's arguments fall well short of the required showing.

#### 1. Discovery Conducted in the Texas Litigation is Irrelevant to the Issues Under Consideration

i2 correctly states that the Protective Order provides that discovery in *i2 Technologies US, Inc. v. SAP AG* (the "Texas Litigation") may be used in this case. (Opp. at 1-2, 4.) i2 fails, however, to establish how the status of discovery in the Texas Litigation will prejudice it in this litigation. The prejudice inquiry here hinges on whether the status of discovery is such that i2 will have the opportunity to conduct the discovery necessary to defend the additional claim. *See, Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *cf. Genentech, Inc. v. Abbot Labs.*, 127 F.R.D. 529, 531 (N.D. Cal. 1989).[1]

At the time this motion was filed, i2 had not served SAP with any discovery requests, nor had it produced documents in response to SAP's requests. That some of the documents in the Texas Litigation—a case involving different patents and which i2 is plaintiff—may ultimately prove responsive to SAP's requests for production is irrelevant. The fact remains that i2 had expended little to no discovery resources *in this case*, and was free to form its discovery plan and

---

[1] By way of example, a court in this District recently concluded that there was no risk of undue prejudice where the discovery deadline was still several months away and the parties had engaged in only minimal discovery. *See, Harbert v. Priebe*, 2006 WL 3708067, at *4 (N.D. Cal. Dec. 14, 2006).

SAP'S REPLY ISO MOTION FOR LEAVE TO
FILE A SECOND AMENDED COMPLAINT                3                CASE NO. 4:07-CV-04187 SBA

1  allocate its resources in light of the additional claim. i2 will clearly not be prejudiced in this
2  regard.

### 2. Any Necessary Scheduling Adjustments Will Not Prejudice i2

4  i2 also contends that it would be prejudiced because it would need to amend its preliminary invalidity contentions, and because the current case schedule provides inadequate time to do so. (Opp. at 4.)

7  First, amendment of preliminary contentions is a frequent occurrence in patent litigation in this District,[2] and is explicitly contemplated by the rules themselves. *See* N.D. Cal. Patent R. 3-6. The fact that the parties' current preliminary contentions will require supplementation to reflect the newly asserted patent is not a valid basis for denying leave to amend.

11  Second, with respect to scheduling, i2 mischaracterizes the amount of time it will have to file its preliminary invalidity contentions. i2 was informed of the patent asserted in the new infringement claim at least as of the date this motion was filed: February, 29, 2007. The earliest date the proposed Second Amended Complaint will be deemed filed is April 8, 2008, following the hearing on this motion. Under SAP's proposal, i2's preliminary invalidity contentions would now be due, at the earliest, on June 6, 2008 (i.e., 10 court days + 45 calendar days following the filing of the complaint). (*See*, Declaration of Jason Sonoda, Ex. C at 1, Docket #64.) i2 will have over three months to research prior art and develop its invalidity contentions, more than enough time to avoid any prejudice.

20  SAP offered to stipulate to extend the claim construction schedule by approximately two months during the meet and confer preceding this motion (*see* Gregorian Decl. ¶ 15, Docket #60), and remains amenable to a reasonable extension. i2's proposal of a five month dead-period in which all case deadlines are suspended, however, is not reasonable, especially in light of i2's

///

---

[2] *See, e.g., Abbot Diabetes Care Inc. v. Roche Diagnostics Corp.*, 2007 WL 2221029, at *1-2 (N.D. Cal. July 30, 2007); *Fujitsu Ltd. v. Nanya Technology Corp.*, No. C 06-6613 CW, 2007 WL 1660694 (N.D. Cal. June 6, 2007); *Tessera, Inc. v. Advanced Micro Devices, Inc.*, 2007 U.S. Dist. LEXIS 35957 (N.D. Cal. April 30, 2007); *General Atomics v. Axis-Shield ASA*, No. C 05-04074 SI, 2006 WL 2329464, at *1 (N.D. Cal. Aug. 9, 2006); *Zilog v. Quicklogic Corp.*, No. C03-03725 JW, 2006 WL 563057, at *1-2 (N.D. Cal. Mar. 6, 2006).

SAP'S REPLY ISO MOTION FOR LEAVE TO
FILE A SECOND AMENDED COMPLAINT           4           CASE NO. 4:07-CV-04187 SBA

professed desire to resolve the allegations of infringement in "a timely and efficient manner."[3] (Opp. at 4.)

### C. i2 Identifies No Bad Faith or Dilatory Purpose on the Part of SAP

With respect to bad faith, i2 contends merely that SAP failed to make an affirmative showing of its good faith in seeking amendment. (Opp. at 2.) However, the party opposing amendment bears the burden of showing why the amendment should not be permitted. *See Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986) (applying 9th Cir. law); *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989); *Bd. of Trs. v. Roche Molecular Sys.*, 2008 U.S. Dist. LEXIS 16556 at *20 (N.D. Cal. Mar. 4, 2008). Accordingly, here it is i2, not SAP, that bears the burden of proof regarding bad faith.

i2 cannot meet its burden. SAP's newly asserted claim was discovered as part of an ongoing review of its portfolio of approximately 300 issued United States Patents. (Gregorian Decl. ¶ 13.) Further, SAP conducted its review in a manner which allowed it to seek leave to amend within the deadline set by the Court in its scheduling order. (*See* Exhibit C to Gregorian Decl., Docket #60.) This deadline was originally proposed by the parties themselves, including i2. (*See* Docket #32 at 6; Docket #37 at 6.) i2 offers no evidence to suggest bad faith on the part of SAP. (*See* Opp. at 2-3.) Given the circumstances under which leave to amend is permitted in this Circuit, i2's claim that this is an example of an "eleventh hour" delay tactic rings hollow.[4] *Compare, Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973) (motion for leave to amend granted after the close of discovery and on the second day of trial).

///

///

///

---

[3] i2's suggestion that SAP file its claim regarding the '369 patent in a separate action is also inefficient, as it could well result in the consolidation of the two related cases with a more protracted schedule than either party proposes in connection with this motion.

[4] Even if it were the case that SAP could have moved to amend at an earlier date, that fact would be insufficient basis to deny SAP's motion. *See, Howey*, 481 F.2d at 1191 (mere fact motion could have been made earlier does not constitute an adequate basis for denying leave to amend); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (delay alone is insufficient to justify denial of leave to amend).

### III. CONCLUSION

For the foregoing reasons, Plaintiff SAP respectfully requests the Court grant SAP's motion for leave to amend.

Dated: March 25, 2008

FENWICK & WEST LLP

By: /s/ Todd R. Gregorian
          Todd R. Gregorian

Attorneys for Plaintiff
SAP AKTIENGESELLSCHAFT