1

2

3

4                         IN THE UNITED STATES DISTRICT COURT

5                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    SAP AKTIENGESELLSCHAFT, a                    No. 07-04187 SBA
     German corporation,
8                                                 **ORDER**
                    Plaintiff,
9                                                 [Docket No. 59]
        v.
10
     i2 TECHNOLOGIES, INC. a Delaware
11   corporation,

12                  Defendant.
     _____/
13

14          Currently before the Court is Plaintiff SAP's Motion for Leave to File a Second Amended

15   Complaint  [Docket No. 59]. Having read and considered the arguments presented by the parties in the

16   papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing.

17   For the reasons articulated below, the Court hereby GRANTS the motion.

18                                       **BACKGROUND**

19          On August 15, 2007, plaintiff SAP Aktiengesellschaft ("SAP") filed its Complaint against i2

20   Technologies, Inc. ("i2") alleging patent infringement of United States Patents Nos. 6,407,761 and

21   6,750,766 (collectively, the "patents-in-suit").  Before i2 responded, on September 14, 2007, SAP

22   filed its First Amended Complaint.  The First Amended Complaint deleted SAP's claim for willful

23   patent infringement against i2.  SAP is seeking monetary damages, interest and costs, and injunctive

24   relief based on, among other things, i2's alleged use and sales of infringing products.

25          On October 12, 2007, i2 filed its Answer denying the claims in the First Amended Complaint

26   and asserting counterclaims against SAP for declarations of non-infringement and patent invalidity.

27   SAP answered the counterclaims on October 31, 2007 and denied i2's allegations.  SAP served a

28   first set of written discovery, including interrogatories and requests for production, on November 30,

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

2007. i2 served written responses to the requests for production on January 2, 2008, but has produced no documents specifically in response to these requests. i2 has not yet served SAP with any discovery. The parties have already served their preliminary infringement and invalidity contentions, in accordance with the Patent Local Rules. On January 18, 2008, the Court issued a Scheduling Order [Docket No. 53], which set March 1, 2008 as the deadline for the parties to add parties and amend claims.

SAP now alleges that it recently discovered that i2 infringes an additional SAP patent—U.S. Patent No. 7,222,369. Based on this discovery, SAP, on February 29, 2008—the day before the deadline set forth in this Court's January 18, 2008 Scheduling Order (the "Scheduling Order")—filed the present motion to amend its complaint to include infringement allegations regarding this patent.

## APPLICABLE STANDARD

According to the Federal Rules of Civil Procedure, a party may amend its pleading with the court's leave, which should be freely given when justice so requires. Fed. R. Civ. Pro. 15(a). Rule 15, therefore, reflects a "strong policy permitting amendment." *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). This liberal standard, however, is "subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Id.*

## DISCUSSION

### I.    Undue Prejudice

Defendant argues that it will be prejudiced if this Court grants leave to plaintiff to amend its pleadings. However, it provides very little for this Court to consider in order to support this position. First, defendant appears to place the burden upon plaintiff to establish *lack* of prejudice to defendant. However, "[t]he party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Defendant also invites this Court to consider discovery that has already been produced in connection with a different case, *i2 Technologies US, Inc. v. SAP AG et al*, Case No. 2:06-CV-352,

2

filed in the Eastern District of Texas (the "Eastern District Litigation"), in the hopes that the volume

of discovery in the Eastern District Litigation will persuade the Court that the current request for an

amendment will prejudice defendant. Defendant argues that "both sides have produced millions of

pages in the Eastern District Litigation" and that millions of pages are therefore available in this

case. According to defendant, plaintiff has, indeed, already received over 150 GB of documents and

information from i2. However, this argument is not persuasive. The discovery to which defendant

refers occurred in a different case. The burden of making information available in the present

action, which was initially produced in for the Easter District Litigation, cannot be equated with the

burden of facilitating discovery for the Easter District Litigation in the first place. The Eastern

District Litigation-related discovery has already occurred and therefore cannot, logically, serve as a

predicate to defendant's alleged burden in the present case. Prior discovery, not conducted in

response to the present case, is simply irrelevant to the prejudice analysis in *this* case.

Defendant also argues that granting leave to amend would prevent the timely resolution of

the allegations in this case. This argument, however, is also without merit. The Federal Rules

contemplate granting a party leave to amend its complaint when a district court has determined that

justice so requires, and, as explained above, the Ninth Circuit has outlined the factors that a district

court should consider in making this determination. However, defendant's argument, that merely

granting leave to amend pleadings is prejudicial because it will cause a delay in the proceedings, is

completely unavailing. Indeed, as the Ninth Circuit has explained, while a district court may

consider the factor of undue delay, "[u]ndue delay by itself…is insufficient to justify denying a

motion to amend." *Bowles v. Reade*, 198 F.3d 752, 757-758 (9th Cir. 1999).

In sum, defendant has not met its burden of establishing undue prejudice. In any event,

plaintiff, for its part, has argued persuasively that defendant will *not* be prejudiced, because

plaintiff's request comes at an early stage in the proceedings before much, if any, discovery, specific

to this case, has been undertaken by defendant.

3

**United States District Court**
For the Northern District of California

II.     **Bad Faith**

Plaintiff argues that it has brought the present motion shortly after discovering defendant's alleged infringement of an additional patent.  Defendant, on the other hand, contends that plaintiff waited until the "eleventh hour," and suggests that plaintiff is attempting to bolster its invalidity claims with new contentions after allegedly realizing that, based on the preliminary invalidity contentions served upon it, its claims for the patents-in-suit are weak.  While it is true that plaintiff does not specify when, exactly, it learned of defendant's alleged infringement of the additional patent, it has sought leave to amend its pleading prior to the deadline set forth in the Court's Scheduling Order — a deadline that was initially suggested by the parties themselves.  Thus, defendant implicitly recognized that there might be legitimate reasons for a party to amend its pleadings up until March 1, 2008.

In light of all the circumstances, and in view of the "extreme liberality" framework for analyzing requests to amend pleadings, the Court is persuaded that plaintiff has not sought leave to amend in bad faith.

III.    **Futility**

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  While defendant does not address the futility prong, plaintiff has alleged that defendant has violated an additional U.S. Patent belonging to plaintiff.  Accordingly, this Court is convinced that plaintiff's amendment would not be a futile exercise.

IV.     **Patent Local Rules**

Defendant appears to argue that, irrespective of whether plaintiff has sufficiently established that it is entitled to a leave under the Rule 15(a), granting leave to amend plaintiff's pleadings would conflict with the Patent Local Rules in this District.  According to defendant, the "Patent Rules contemplate fixed deadlines for the orderly prosecution of the litigation" and that "[p]ermitting the

4

1  addition of a new patent at this late state of the litigation would vitiate the very purposes of the

2  Patent Rules and set a dangerous precedent for future cases."

3      Although the Patent Local Rules do indeed provide deadlines for service of preliminary

4  contentions, the Local Rules specifically contemplate that such deadlines may be modified by the

5  parties and the Court.  *See, e.g.*, Patent L.R. 2-1(a)(1) (parties must discuss and address in the Case

6  Management Statement filed pursuant to FRCivP 26(f) and Civil L.R. 16-9 *proposed modification of*

7  *the deadlines provided for in the Patent Local Rules*, and the effect of any such modification on the

8  date and time of the Claim Construction Hearing) (emphasis added).  Thus, defendant is wrong that

9  the Patent Local Rules provide deadlines that are not subject to modification under any

10  circumstances.

11      Moreover, the Federal Rules authorizes district courts to grant leave to a party to amend its

12  pleadings when justice so requires.  Fed. R. Civ. P. 15(a).  The deadlines for preliminary contentions

13  pursuant to the Patent Local Rules are themselves set in motion, so to speak, by the filing of the

14  pleadings, via the applicable deadlines concerning the meet and confer process, the case

15  management conference, and the ensuing court order.  *See* Fed. R. Civ. P. 12(a), 16(b), 26(f).  Thus,

16  whatever actual deadlines may result from application of the timing formulas set forth in the Patent

17  Local Rules must not trump the necessary modification of such deadlines pursuant to court orders

18  authorized by the Federal Rules.  In any event, the patent local rules recognize that the preliminary

19  contentions may be amended by court order "upon a showing of good cause." Patent L.R. 3-7.

20  Leave to amend the pleadings, pursuant to Rule 15(a), constitutes such good cause.  Thus, defendant

21  is wrong that granting plaintiff leave to file an amendment to its complaint is somehow precluded by

22  the fact that deadlines already exist for service of infringement contention pursuant to the Patent

23  Local Rules.

24  V.    **Modification of Schedule**

25      Should this Court grant plaintiff's motion for leave to amend its complaint, defendant has

26  requested additional time to serve its preliminary invalidity contentions beyond the 45 days after

27

28                                5

service of the preliminary infringement contentions provided for in the Patent Local Rules.  Patent

L.R. 3-3.  As defendant argues, a party will invariably have longer than just 45 days to actually

prepare preliminary invalidity contentions in light of the applicable rules on timing for the

preliminary contentions as well as the preceding pretrial activities on which the rules for timing of

preliminary contentions are based.  While the Patent Local Rules provide only 45 days to serve

preliminary invalidity contentions from the date of service of preliminary infringement contentions,

the preliminary infringement contentions, according to the Patent Local Rules, do not need to be

filed until 10 days after the Initial Case Management Conference.  Patent L.R. 3-1.  The date for the

Initial Case Management Conference is itself a function of Rules 12(a), 16(b) and 26(f).  *See* Fed. R.

Civ. P. 12(a), 16(b) and 26(f).   By application of such rules alone (in the absence of a court order to

the contrary), a defendant in a patent action may have approximately five and a half months from

service upon it of the complaint until the Patent Local Rules require service of the defendant's

preliminary invalidity contentions.  Thus, because the complaint itself gives a defendant in a patent

suit notice of the plaintiff's claims, it is reasonable that defendant has requested modification of the

schedule in this case should this Court grant plaintiff leave to amend its complaint.

## CONCLUSION

IT IS HEREBY ORDERED THAT for the foregoing reasons, the Court GRANTS plaintiff

15 days from the date of this Order to file its Second Amended Complaint to include allegations of

infringement of U.S. Patent No. 7,222,369.

IT IS FURTHER ORDERED THAT plaintiff file any preliminary infringement contentions,

pursuant to Patent Local Rule 3-1, related to U.S. Patent No. 7,222,369, within 15 days of this

Order.

IT IS FURTHER ORDERED THAT defendant serve any preliminary invalidity contentions

concerning U.S. Patent No. 7,222,369 within 150 days of this Order.

IT IS FURTHER ORDERED THAT the parties shall meet and confer regarding the schedule

in this case and shall, within 60 days of this Order, submit a joint Case Management Conference

Statement addressing any proposed changes to the Scheduling Order in light of the relief granted in this Order.

      IT IS SO ORDERED.

Dated: 4/8/08

                                          *Saundra B Armstrong*

                                      SAUNDRA BROWN ARMSTRONG
                                      United States District Judge

**United States District Court**
For the Northern District of California

7