1   DAVID L. HAYES (CSB No. 122894)
     (dhayes@fenwick.com)
2   MICHAEL J. SACKSTEDER (CSB No. 191605)
     (msacksteder@fenwick.com)
3   SAINA S. SHAMILOV (CSB No. 216636)
     (sshamilov@fenwick.com)
4   HECTOR J. RIBERA (CSB No. 221511)
     (hribera@fenwick.com)
5   TODD R. GREGORIAN (CSB NO. 236096)
     (tgregorian@fenwick.com)
6   LESLIE A. KRAMER (CSB NO. 253313)
     (lkramer@fenwick.com)
7   FENWICK & WEST LLP
    Silicon Valley Center, 801 California Street
8   Mountain View, CA 94041
    Telephone:   (650) 988-8500
9   Facsimile:   (650) 938-5200

10  Attorneys for Plaintiff
    SAP AKTIENGESELLSCHAFT

11

12               UNITED STATES DISTRICT COURT

13           NORTHERN DISTRICT OF CALIFORNIA

14                 OAKLAND DIVISION

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

15  SAP AKTIENGESELLSCHAFT, a     Case No. 4:07-cv-04187 SBA
    German corporation,

16                     **PLAINTIFF SAP AG'S SUPPLEMENTAL**
             Plaintiff,        **PRELIMINARY INFRINGEMENT**

17                     **CONTENTIONS**
      v.

18  i2 TECHNOLOGIES, INC., a Delaware    **[PATENT L.R. 3-1]**
    corporation,

19             Defendant.     Judge: Hon. Saundra B. Armstrong

20

21       Pursuant to Patent L.R. 3-1 Plaintiff SAP Akteingesellschaft ("SAP") makes to Defendant

22  i2 Technologies, Inc. ("i2") this Supplemental Disclosure of Asserted Claims and Preliminary

23  Infringement Contentions.  This disclosure addresses the addition of U.S. Patent No. 7,222,369

24  (the '369 patent) to the lawsuit, and is filed pursuant to the instructions in the Court's April 8,

25  2008 Order.  This disclosure is a supplement to SAP's prior disclosures pursuant to Patent L.R. 3-

26  1, and is not meant to replace or alter the content of such disclosures.

27       SAP's disclosures to date are preliminary.  SAP has requested documents from i2; i2's

28

1  productions have not yet been completed, either in response to these requests or pursuant to

2  Patent L.R. 3-4.  SAP has also not completed its substantive review of the documents that have

3  been produced.  SAP anticipates that the review of these documents, further discovery and other

4  events in the litigation may cause it to further revise, supplement, and/or otherwise modify its

5  infringement contentions and it makes this disclosure without prejudice to doing so.

6  **A.    Patent L.R. 3–1(a)**

7  SAP alleges that i2 infringes at least claims 1, 2, 3, 5, 6, 7, 8, 11, 12, 15, 16, 17, 18, 21,

8  22, 23, 26, 27, 28, 29, 30, 31, and 32 of the '369 patent.

9  SAP anticipates that events in the litigation, such as substantive review of documents

10  produced by i2 to date, further discovery to be provided by i2 and/or by third parties and the

11  Court's claim construction may impact the patent claims it will allege i2 infringes.  SAP reserves

12  the right to add to or otherwise modify its identification of claims it contends are infringed.  SAP

13  additionally reserves the right to add to or otherwise modify its identification of the manner in

14  which claims are infringed.

15  **B.    Patent L.R. 3–1(b)**

16  SAP preliminarily identifies that the Accused Instrumentalities include i2 Six Supply

17  Chain Collaboration Software Suite, and any other i2 solution that uses a role-based portal to a

18  workplace system.

19  SAP anticipates that events in the litigation, such as substantive review of documents

20  produced by i2 to date, further discovery to be provided by i2 and/or by third parties and the

21  Court's claim construction may impact the patent claims it will allege i2 infringes and the

22  Accused Instrumentalities it will allege infringe those patent claims.  SAP reserves the right to

23  add to or otherwise modify its identification of claims it alleges are infringed and identification of

24  Accused Instrumentalities it contends infringe those claims.  SAP additionally reserves the right

25  to add to or otherwise modify its identification of the manner in which claims are infringed.

26  **C.    Patent L.R. 3–1(c)**

27  Attached hereto as Exhibit A is a chart preliminarily identifying where each element of

28  each asserted claim is found within the Accused Instrumentalities.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    SAP's identification of Accused Instrumentalities above and/or in the accompanying chart

2  is Preliminary.  SAP's identification of where elements of asserted claims may be found in the

3  Accused Instrumentalities also is preliminary.  These identifications are based upon Plaintiff's

4  present knowledge and analysis.  SAP continues its investigation and reserves its right to

5  supplement, amend, and/or revise its contentions as events in the litigation occur and SAP

6  conducts further investigation and/or analysis.

7    **D.    Patent L.R. 3–1(d)**

8    SAP presently contends each element of each asserted claim is literally present in the

9  Accused Instrumentalities.  SAP reserves its right to assert infringement under the Doctrine of

10  Equivalents in light of further discovery, investigation or analysis, the Court's claim construction,

11  events in the litigation, or positions advanced by i2.

12    **E.    Patent L.R. 3–1(e)**

13  The claims of the '369 patent are entitled the priority date of December 20, 2001.

14    **F.    Patent L.R. 3–1(f)**

15    Certain versions of SAP's Workplace, Enterprise Portal Tool, Product Lifecycle

16  Management practice the claimed invention in the asserted claims of the '369 patent.

17    SAP's contentions are made on information it has analyzed as of this date.  Many

18  important pieces of discovery relevant to SAP's infringement contentions have not yet been made

19  or were made only so recently as to prevent meaningful analysis.  SAP anticipates that

20  outstanding discovery and/or further analysis may impact its contentions and expressly reserves

21  the right to alter and supplement them.  Further, in the event that new or different versions of the

22  Accused Instrumentalities are made, SAP anticipates that it may supplement its contentions with

23  respect to such versions.

24  ///

25  ///

26  ///

27  ///

28  ///

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    Nothing in this disclosure is intended to or does limit SAP's ability to present at trial, at

2  hearing on motion, or otherwise in support of or in opposition to a motion, or in other proceeding,

3  evidence, testimony, or argument in support of its contentions as to i2's infringement or for other

4  purposes.  In particular, nothing limits the evidence SAP may introduce pursuant to Federal Rules

5  of Evidence 702, 703, or 705 or otherwise via witness providing expert testimony.

6

7  Dated: April 23, 2008                    FENWICK & WEST LLP

8                                           By:    /s/Todd R. Gregorian

9                                                  Todd R. Gregorian

10                                          Attorneys for Plaintiff SAP Aktiengesellschaft

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS   AT LAW
MOUNTAIN   VIEW